# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MIDLAND CREDIT MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> JEROME J. CASIMIR, <br><br> Defendant. | Case No. 24-CV-1510-JPS <br><br><br> **ORDER** |

On November 20, 2024, Defendant Jerome J. Casimir ("Defendant") removed *Midland Credit Management, Inc. v. Jerome Casimir*, Milwaukee County Small Claims Case No. 2024SC015550, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2024SC015550&countyNo=4, to the Eastern District of Wisconsin.[1] ECF No. 1. Upon consideration of Defendant's notice of removal, the Court determines that removal was improper and will accordingly remand the case back to the Milwaukee County Small Claims Court for further proceedings.

"In determining whether removal was proper, a district court must construe the removal statute, 28 U.S.C. § 1441, narrowly and resolve any

---

[1] Defendant's notice leaves the Court questioning to which federal district he intended to remove the underlying case. Defendant captions the notice for the Eastern District of Wisconsin, and he filed the notice in the Eastern District of Wisconsin, but he addressed the notice "[t]o: the Honorable Clerk of the United States District Court for the *Western* District of Wisconsin" and stated that the underlying proceedings are "hereby removed to the United States District Court [for the] *Western* District of Wisconsin." ECF No. 1 at 1 (emphases added). For the sake of this Order, the Court will presume that Defendant intended to remove the underlying proceeding to this judicial district.

doubts regarding subject matter jurisdiction in favor of remand." *Hansen v. Lab'y Corp. of Am.*, No. 24-CV-807, 2024 WL 4564357, at *1 (E.D. Wis. Oct. 24, 2024) (citing *Wis. v. Abbott Lab'ys*, 341 F. Supp. 2d 1057, 1060 (E.D. Wis. 2004)). Defendant's removal was improper for several reasons, which the Court will address in turn.

First, Defendant claims that the underlying state case is "[f]ounded on a [c]laim . . . [a]rising under the [l]aws of the United States," specifically citing the Fair Credit Reporting Act, 15 U.S.C. § 1681; FTC Act, 15 U.S.C. §§ 45 and 52; the Civil Rights Act, 42 U.S.C. § 1981; and the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. ECF No. 1 at 1–2. While federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, federal questions must appear on the face of the complaint for a party to remove to federal court; even federal defenses to an action will not, independently, allow for removal. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398–99 (1987) ("[T]he presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint [and] that a federal question must appear on the face of the complaint . . . ."). Plaintiff Midland Credit Management, Inc. ("Plaintiff") does not state a federal claim in its small claims complaint. *See generally* ECF No. 1-1 at 4–8. Accordingly, the Court lacks original jurisdiction over the claims in this case.

Federal district courts also have subject matter jurisdiction if the parties have diversity of citizenship *and* the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. The requisites are not met for diversity citizenship here. The Court has no information about the citizenship of Plaintiff, but even if it were diverse to Defendant, the case cannot be removed under

§ 1332 because the amount in controversy is well under $75,000.[2] *See* ECF No. 1-1 at 5 and 7 (listing the amount in controversy as $2,904.89).

Even if the Court had subject matter jurisdiction, Defendant's removal was nevertheless improper because it was untimely. Defendant was served in the underlying proceeding on June 6, 2024. ECF No. 1-1 at 13. A defendant in a civil action shall file the notice of removal "within 30 days after the receipt . . . through service of otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Applying this rule, Defendant's notice of removal was due on or before July 8, 2024. Instead, he filed it on November 20, 2024, over four months late. Accordingly, his notice of removal is untimely.[3]

Because the Court lacks federal question subject matter jurisdiction over the claims raised in the complaint and has no other basis to exercise subject matter jurisdiction over this case, and because the removal was in any event untimely, it will remand the case back to Milwaukee County Small Claims Court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

---

[2] Liberally construed, Defendant appears to rely on the fact that "[P]laintiff has testimony of witnesses in San D[ie]go" as a basis for diversity jurisdiction. ECF No. 1 at 3. Diversity is based on the citizenship of the *parties*, not on the citizenship of witnesses. *See* 28 U.S.C. § 1332.

[3] Defendant seems to assert that the notice is timely because on September 21, 2024, he learned that Plaintiff would rely on testimony from witnesses in San Diego. ECF No. 1 at 3. As explained *supra* note 2, this is not a basis for federal jurisdiction. Even if it were, Defendant's notice of removal was not filed within 30 days of learning this information and was instead filed two months later. *Id.*

Defendant also filed a motion to proceed without prepaying the applicable filing fee. ECF No. 2. Because the Court is remanding this case for further proceedings, it will deny Defendant's motion as moot.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **REMANDED** back to the Milwaukee County Small Claims Court for further proceedings; and

**IT IS FURTHER ORDERED** that Defendant's motion to proceed without prepaying the filing fee be and the same is hereby **DENIED as moot**.

The Clerk of Court is directed to take all appropriate steps to effectuate the remand of this case back to the Milwaukee County Small Claims Court.

Dated at Milwaukee, Wisconsin, this 20th day of December, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge